**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| JAMES ZIELINSKI, | ) | CASE NO. 15-37643 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **FRIDAY, DECEMBER 11, 2015, at 9:30 AM,** I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in Room 240, Kane County Courthouse, 100 South Third Street, Geneva, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present the **MOTION FOR SANCTIONS AGAINST LINDA BAL UNDER FED. R. BANKR.P. 9011 AND 11 U.S.C. §§ 105 AND 329**, a copy of which is attached hereto and is herewith served upon you.

*/s/ Kimberly Bacher*
Kimberly Bacher, Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 353-5014

**CERTIFICATE OF SERVICE**

I, Kimberly Bacher, an attorney, state that on November 25, 2015, pursuant to Local Rule 9013-1(D) the above **NOTICE OF MOTION** and the **MOTION FOR SANCTIONS AGAINST LINDA BAL UNDER FED. R. BANKR.P. 9011 AND 11 U.S.C. §§ 105 AND 329** were filed and served on all parties identified as Registrants on the Service List below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent via First Class Mail to the address(es) indicated.

/s/ *Kimberly Bacher*

# SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

Linda G Bal     lindabal@att.net
Glenn B Stearns     mcguckin_m@lisle13.com


**Parties Served via First Class Mail:**

Linda G Bal
Linda Bal & Associates
207 N Walnut
Itasca, IL 60143

James Zielinski
228 N. Grant St., Unit 1
Westmont, IL 60559-1402

Ocwen Loan Servicing, LLC
Robertson, Anschutz, & Schneid
6409 Congress Ave
Suite 100
Boca Raton, FL 33487

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JAMES ZIELINSKI, | ) | CASE NO. 15-37643 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

### MOTION FOR SANCTIONS AGAINST LINDA BAL
### UNDER FED. R. BANKR.P. 9011 AND 11 U.S.C. §§ 105 AND 329

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois ("**U.S. Trustee**"), by his attorney, Kimberly Bacher, and in support of his Motion for Sanctions Against Linda Bal ("**Bal**"), respectfully states the following:

### CASE BACKGROUND

1.    James Zielinski (the "**Debtor**"), represented by Bal, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "**Petition**") on November 4, 2015 (the "**Petition Date**").

2.    On the Petition Date, Bal filed her 2016 Disclosure of Compensation for Attorney (the "**2016 Disclosure**") and her Foreclosure Defense Retainer Agreement (the "**Retainer Agreement**"). Copies of the Petition, 2016 Disclosure and Retainer Agreement are attached as **Group Exhibit A**.

3.    Glenn B. Stearns was appointed as the Chapter 13 trustee in this case (the "**Trustee**").

4.    As of the date hereof, Bal has not filed schedules, a Form B-22, a statement of financial affairs (collectively, the "**Schedules**") or a chapter 13 plan on behalf of the Debtor. The Schedules and the chapter 13 plan were required to be filed 14 days after the Petition Date

1

pursuant to Fed. R. Bankr. P. 1007 and Fed. R. Bankr. P. 3015.  As a result, the Trustee filed a Motion to Dismiss this case on November 20, 2015.  [Dkt. No. 9].

5.     The only creditors listed in this case include Ocwen Loan Servicing (the "**Lender**") (the secured lender on Debtor's real property located at 228 North Grant Street, Westmont, Illinois (the "**Real Property**")), the law firm that represents the Lender and Sherry Zielinski.

6.     The Petition reflects that the Debtor previously filed Bankruptcy Case No. 12-31419 (jointly with his spouse), which was a Chapter 13 case filed on August 8, 2012.  In that case, the chapter 13 trustee moved to dismiss the case for failure to provide tax returns, conclude the meeting of creditors and commence plan payments.  *See* Dkt. No. 32 in Case No. 12-31419.

7.     As of the date hereof, no schedules, means test, statement of financial affairs or chapter 13 plan has been filed.

8.     The Disclosure of Compensation filed in this reflects that Bal received $665.00 from the Debtor in connection with filing this case.  However, the Retainer Agreement provides that the Debtor paid Bal $1,000.00, and includes a notation from Bal that states, "$1,000.00 paid 10-31-15.  PAID IN FULL."

9.     The Retainer Agreement provides in relevant part:

    1.     The Flat Fee of $1,000.00 for Legal Fees to file a Chapter 13 Bankruptcy FOR THE SOLE PURPOSE OF STOPPING THE SHERIFF SALE SET FOR NOVEMBER 5, 2015.

    4.     Nothing in this Foreclosure Defense Retainer Agreement shall be construed as such a promise or guarantee of how long the Sheriff Sale will be stopped.

      8.      Client understands that [sic] will get a Notice to go to a Chapter 13 Bankruptcy Creditors Meeting. Client understands that they DO NOT GO to this Creditors Meeting.[1]

      9.      Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's foreclosure defense case.

10. The Retainer Agreement, prepared by Bal and signed by the Debtor, is an admission that this case was not filed for any valid bankruptcy purpose. Instead, it sets forth that the only purpose this case was commenced was to stop a sheriff sale. Further, Bal clearly advised her client to ignore his legal obligation to attend the meeting of creditors.

**PREVIOUS CASES FILED BY BAL REFLECT A PATTERN
OF ABUSING THE BANKRUPTCY SYSTEM**

11. The U.S. Trustee reviewed bankruptcy cases filed by Bal since January 1, 2015 and have discovered a consistent pattern of cases filed for the sole purpose of prolonging the foreclosure process. The cases reviewed by the U.S. Trustee are more specifically addressed below. Additionally, the U.S. Trustee has filed a Motion for Sanctions against Bal in *In re Pawel A. Latasiewicz,* Case No. 15-31990 (Dkt. No. 12) (Hon. Jack B. Schmetterer) and in *In re Hausmann,* Case No. 15-36304 (Dkt. No. 11) (Hon. Donald R. Cassling) in which the U.S. Trustee seeks similar relief to that sought herein.

    **A. In Certain of Bal's Retainer Agreements, Bal Charges Clients $200 Per Month for Each Month the Client Remains in His or Her Home.**

12. **Michael T O'Neill ("O'Neill")**. On March 12, 2015, Bal filed a chapter 13 case for O'Neill commencing Case No. 15-80661 (Hon. Thomas M. Lynch). The chapter 13 trustee dismissed this case as a result of Bal's failure to file a chapter 13 plan and schedules. Bal filed

---

[1] It is worth noting that Bal underlined the provision in the Retainer Agreement that stated, "DO NOT GO."

3

her Foreclosure Defense Retainer Agreement [Dkt. No. 10 in Case No. 15-80661] on April 4, 2015. In her Foreclosure Defense Retainer Agreement, Bal stated in relevant part:

> 2. A monthly fee of $200.00 to be paid for every month that Attorney keeps Client in their home. This fee is due and owing on the first day of each month. This monthly fee is due the first month after this Foreclosure Defense Retainer Agreement is signed…
>
> 4. Should Client stop paying the monthly fee, Attorney has the right to withdraw from the Client's case.
>
> 5. Client understands that the Attorney will use her best efforts to prolong the Foreclosure as long as possible. Attorney makes no representations as to how long she will be able to continue the Foreclosure or what other remedies may be available as a result of the Foreclosure Defense Action.

13. Hereinafter, the foregoing language will be referred to as the "**Monthly Fee Provision**." As is common in many of Bal's retainer agreements, not only did she advise that she would use her best efforts to prolong the foreclosure process, but she charged $200 for each month that the client remained in his or her home, presumably without making any mortgage payments to a lender.

14. **Herbert A. Hausmann ("Mr. Hausmann")**. On August 5, 2015, Bal filed a chapter 13 case for Mr. Hausmann commencing Case No. 15-26736 (Hon. Donald R Cassling). The chapter 13 trustee dismissed this case as a result of Bal's failure to file schedules, means test and the chapter 13 plan. Bal filed her retainer agreement on August 5, 2015 which included the Monthly Fee Provision. *See* Dkt. No. 1 in Case No. 15-26736. Bal previously filed a chapter 7 case for Mr. Hausmann (jointly with his spouse Mrs. Hausmann) commencing Case No. 14-16487 in which they received a discharge on July 29, 2014.

4

15.    **Bernita Hausmann ("Mrs. Hausmann")**.  On October 26, 2015, Bal filed a chapter 13 case for Mrs. Hausmann commencing Case No. 15-36304 (Hon. Donald R Cassling). The applicable retainer agreement contains the Monthly Fee Provision, but lists Mr. Hausmann as the client, and not Mrs. Hausmann.

16.    In Mrs. Hausmann's previous case (Case No. 14-16487), Bal filed a motion to waive her appearance at the meeting of creditors by stating that Mrs. Hausmann is incompetent and impaired by reason of Alzheimer's such that she is incapable of realizing and making rational decisions with respect to her financial responsibilities.  See Dkt. No. 16 in Case No. 14-16487.   In the most recent filed case, there were no filings by Bal reflecting the impaired mental capacity of Mrs. Hausmann, and all relevant documents appear to be signed by Mr. Hausmann. No power of attorney has been filed.[2]

### B.    Similar to this Case, Bal Has Filed Multiple Cases Stating in the Retainer Agreement that the Sole Purpose for the Filing is to Stop a Sheriff Sale.

17.    **Nicole Utria-Ramirez ("Utria-Ramirez")**.  On August 31, 2015, Bal filed a chapter 13 case for Utria-Ramirez commencing Case No. 15-29844 (Hon. Donald R Cassling). The chapter 13 trustee dismissed this case as a result of Bal's failure to file a chapter 13 plan, schedules, statement of financial affairs and the means test.  Bal's retainer agreement was filed on August 31, 2015 [*See* Dkt. No. 1 in Case No. 15-29844] and contains the following provisions:

- The Flat Fee of $500 for Legal Fees to file a Chapter 13 Bankruptcy FOR THE SOLE PURPOSE OF STOPPING THE SHERIFF SALE SET FOR …." …

---

[2] The U.S. Trustee filed a Motion for Sanctions against Bal in Mrs. Hausmann's pending case, Case No. 15-36304 [Dkt. No. 11].

- … Nothing in this Foreclosure Defense Retainer Agreement shall be construed as such a promise or guarantee of how long the Sheriff Sale will be stopped.

- Client understands that [sic] will get a Notice to go to a Chapter 13 Bankruptcy Creditors Meeting. Client understands that they DO NOT GO to this Creditors Meeting.

- Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's foreclosure defense case.

18. The foregoing language will be referred to as the "**Sheriff Sale Provisions**." Utria-Ramirez previously received a chapter 7 discharge in Case No. 13-22650 on August 27, 2013.

19. **Pawel A. Latasiewicz ("Latasiewicz")**. On September 19, 2015, Bal commenced a chapter 7 case for Latasiewicz commencing Case No. 15-31990 (Hon. Jack B. Schmetterer). The U.S. Trustee filed a motion to dismiss the case as a result of Bal's failure to file schedules, means test or statement of financial affairs. Bal previously filed a chapter 7 case for Latasiewicz on April 21, 2014 commencing Case No. 14-14862 in which he received a discharge and thus was not eligible for a discharge. Bal's retainer agreement was filed on September 19, 2015 and contains the Sheriff Sale Provision. *See* Dkt. No. 1 in Case No. 15-31990. On November 17, 2015, the U.S. Trustee filed a Motion for Sanctions against Bal in Case No. 15-31990.

**C.     In Other Retainer Agreements, Bal States that She Will Use Her Best Efforts to Prolong the Foreclosure As Long As Possible.**

20. **Lori Anne Pulak ("Pulak")**. On February 25, 2015, Bal commenced a chapter 13 case for Pulak commencing Case No. 15-6534 (Hon. Donald R. Cassling). Bal failed to file any schedules, means test or a chapter 13 plan, and the trustee moved to dismiss the case. Bal

6

filed her retainer agreement which provided in relevant part, "Client understands that Attorney will use her best efforts to prolong the Foreclosure as long as possible… Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's foreclosure defense case." *See* Dkt. No. 15 in Case No. 15-6534.  Additionally, the retainer agreement provided, "Attorney makes no representations as to how long she will be able to continue the Foreclosure or what other remedies may be available as a result of the Foreclosure Defense Action." *Id.*  Hereinafter, the foregoing language will be referred to as the "**Stall Provision**."

21. Pulak's case was dismissed pursuant to a motion filed by the chapter 13 trustee. By filing Case No. 15-6534, Bal commenced the third bankruptcy case for the debtor since December 14, 2010. *See* Case Nos. 10-55118 (chapter 7 discharge entered) and 11-39573.  Bal knew that Pulak would not be eligible for a discharge, and filed the case without any schedules, means test or a chapter 13 plan for the sole purpose of delaying foreclosure proceedings.

22. **Kimberly I. Pein ("Pein")**.  On June 17, 2015, Bal filed a chapter 13 case for Pein commencing Case No. 15-21006 (Hon. Donald R. Cassling).  Bal failed to file any schedules, means test or a chapter 13 plan for the debtor, and the trustee moved to dismiss the case.  Bal filed her retainer agreement which included the Stall Provision.  *See* Dkt. No. 8 in Case No. 15-21006.

23. Approximately three months prior to commencing Case No. 15-21006, on March 2, 2015, Bal filed a chapter 13 case for Pein commencing Case No. 15-7306.  That case was also dismissed by the chapter 13 trustee as a result of failure to file schedules, the means test and a chapter 13 plan.

24.     **Craig Bentley Hutchens ("Hutchens")**.  On March 18, 2015, Bal filed a chapter 13 case for Hutchens commencing Case No. 15-9651 (Hon. Donald R. Cassling).  The chapter 13 trustee filed a motion to dismiss the case as a result of Bal's failure to file schedules, means test and a chapter 13 plan.  Bal filed her retainer agreement, which contained the Stall Provision.  *See* Dkt. No. 11 in Case No. 15-9651.  Hutchens previously received a chapter 7 discharge on August 23, 2011 in Case No. 11-19535.

25.     **Norman F Oken, Jr. ("Oken")**.  On July 6, 2015, Bal filed a chapter 13 case for Oken commencing Case No. 15-81776 (Hon. Thomas M. Lynch).  The chapter 13 trustee filed a motion to dismiss the case as a result of Bal's failure to file schedules and a chapter 13 plan.  Bal filed her retainer agreement, which contained the Stall Provision.  *See* Dkt. No. 1 in Case No. 15-81776.  Oken previously filed a chapter 13 case on January 22, 2015 commencing Case No. 15-80138.

**D.  Bal Has Filed Cases for Debtors in Which Bal is the Only Unsecured Creditor.**

26.     **Emil R. Zidek, Jr. ("Zidek")**.  On January 10, 2015, Bal filed a chapter 13 case for Zidek commencing Case No. 15-702 (Hon. Donald R Cassling).  Bal previously filed a chapter 7 case for Zidek commencing Case No. 13-42130 in which the debtor received a discharge on January 28, 2014.  In Zidek's chapter 13 case, the debtor's only debt was related to his home and $500 owed to Bal in connection with foreclosure defense services.[3]  In the chapter 13 case, Bal failed to provide the trustee with tax returns or pay advices.  As a result, the chapter 13 trustee filed a motion to object to discharge and a motion to dismiss the case, which were both granted.

---

[3] It is unclear how Bal addressed her conflict of interest in filing this case as both debtor's counsel and a creditor.

8

27. **Mary O'Malley ("O'Malley")**. On February 18, 2015, Bal filed a chapter 13 case for O'Malley commencing Case No. 15-5441 (Hon. Bruce W. Black). O'Malley previously received a chapter 7 discharge on August 6, 2013. In O'Malley's chapter 13 case, the debtor's only debt was related to her home, and $500 owed to Bal in connection with foreclosure defense services. In the chapter 13 case, Bal failed to provide the trustee with tax returns. As a result, the chapter 13 trustee filed a (a) motion to object to discharge, (b) motion to dismiss based on the failure to provide tax returns and to conclude a meeting of creditors, and (c) motion to examine Bal's fees. Both the motion objecting to discharge and the motion to dismiss were granted, and the motion to examine Bal's fees was denied for reasons stated. *See* Dkt. No. 21 in Case No. 15-5441.

    **E.**    **Bal Has Filed Numerous Cases Which Were Dismissed as a Result of Failure to Follow the Bankruptcy Rules.**

28. **Ronn M Harris ("Harris")**. On February 23, 2015, Bal filed a chapter 13 case for Harris commencing Case No. 15-6059 (Hon. Judge Donald R Cassling). The chapter 13 trustee filed a motion to dismiss the case as a result of Bal's failure to file schedules, means test and a chapter 13 plan. Bal also failed to comply with the requirement to file a 2016 Disclosure of Compensation and her fee agreement.

29. **Ubaldo Tecaxco-Naxi ("Tecaxco-Naxi")**. On June 17, 2015, Bal filed a chapter 13 case for Tecaxco-Naxi commencing Case No. 15-21003 (Hon. Donald R. Cassling). The chapter 13 trustee filed a motion to dismiss the case as a result of Tecaxco-Naxi's failure to make plan payments. Bal failed to comply with the requirement to file her fee agreement with her 2016 Disclosure of Compensation.

30.     **Dawn M. Tresch ("Mrs. Tresch") and David Lee Tresch ("Mr. Tresch")**. On September 9, 2015, Bal filed a chapter 13 case for Mrs. Tresch commencing Case No. 15-30856 (Hon. Donald R Cassling). The chapter 13 trustee filed a motion to dismiss the case as a result of Bal's failure to file schedules, means test and a chapter 13 plan. Additionally, Mrs. Tresch did not appear for the meeting of creditors. On March 31, 2015, less than a year before the filing of the chapter 13 case, Bal commenced a chapter 7 case for Mr. and Mrs. Tresch commencing Case No. 15-11730 (Hon. Donald R Cassling). In that case, Bal filed a motion to waive Mr. Tresch's appearance at a meeting of creditors as a result of Mr. Tresch's incarceration, which was denied. The case was dismissed on July 10, 2015 after the chapter 7 trustee sought dismissal as a result of the debtors' failure to attend the meeting of creditors.

31.     **Joel J. Lopez ("Lopez")**. On August 6, 2015, Bal filed a chapter 13 case for Lopez commencing Case No. 15-26957 (Hon. Jacqueline P. Cox). The chapter 13 trustee dismissed this case on September 14, 2015 as a result of Bal's failure to file the means test.

### DESPITE BEING REPRIMANDED FOR HER ACTIONS, BAL CONTINUES TO ABUSE THE BANKRUPTCY SYSTEM

32.     On March 11, 2015, in *In re Maria Ramirez*, Bal filed a Chapter 13 petition for Maria Ramirez ("**Ramirez**") commencing Case No. 15-8641. On April 14, 2015 [Dkt. No. 15], an order was entered (the "**Ramirez Order**") by this Court regarding a Motion for Hearing Under Sections 329 and 330 and Rule 2017 filed by Glenn Stearns, the Chapter 13 trustee, which provides in relevant part:

> At the hearing, Linda Bal conceded that there was no proper purpose for the filing of this bankruptcy case, and that she knew that the automatic stay would not apply here. She admitted that she filed the case solely with the hope that the sheriff in the state court action would not realize that the automatic stay was not in effect. Therefore, the filing of this case provided absolutely no benefit to the Debtor. At

the hearing, Linda Bal did not oppose the Trustee's motion to dismiss the case with a 180-day bar to refiling, and the case was dismissed…

33.  A copy of the Ramirez Order is attached as **Exhibit B.** Bal's retainer agreement in that case included the Stall Provision. *See* Dkt. No. 10 in Case No. 15-8641.

34.  Case No. 15-8641 was dismissed pursuant to a motion filed by the chapter 13 trustee in which he noted that the debtor was a serial filer, as this was her fifth bankruptcy case in the past three years. As a result, Ramirez was barred from refiling for a period of 180 days. While the previous cases were not filed by Bal, Ramirez filed seven previous cases commencing in 2007. *See* Case Nos. 07-4310, 07-6841, 07-23329, 12-18094, 12-36138, 14-20751 and 14-38212.

35.  Despite the entry of the Ramirez Order that required Bal to disgorge all fees and that barred her client from commencing a case for a period of 180 days, Bal continues to file cases that she does not intend to pursue. In fact, approximately two months after the entry of the Ramirez Order, Bal filed a chapter 13 case for Pein in which her retainer agreement contained the Stall Provision identifying the improper purpose in commencing the case.

## LEGAL ARGUMENT

### A. Sanctions Against Bal Are Warranted.

36.  The filing of the Petition in this case violated Fed.R.Bankr.P. 9011(b)(1) and sanctions are warranted. Bankruptcy Rule 9011(b)(1) was violated by the filing of the Petition which was filed solely to delay, frustrate, and cause expense.

37.  While a motion for sanctions under Bankruptcy Rule 9011 may generally not be filed until the party is given 21 days to withdraw or correct the challenged paper, this safe-harbor

provision does not apply to the filing of a petition. *See* Fed.R.Bankr.P. 9011(c)(1)(A). "[T]he filing of a petition has immediate serious consequences … which may not be avoided by a subsequent withdrawal of the petition." *In re Dental Profile, Inc.*, 446 B.R. 885, 899 (Bankr. N.D. Ill. 2011) (citation omitted).

38.     Rule 9011 is the bankruptcy analogue of Rule 11 of the Federal Rules of Civil Procedure and is "essentially identical" to Rule 11. *In re Collins,* 250 B.R. 645, 649 (Bankr. N.D. Ill. 2000) (internal quotation omitted). Pursuant to Rule 9011(b), an attorney who presents "a petition, pleading, written motion or other paper" to the court makes certain certifications to the court. The relevant certification here is that the paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Bankr.P. 9011(b)(1).

39.     The "improper purpose clause" set forth in Rule 9011(b)(1) is directed at abusive litigation practices. *Baermann v. Ryan (In re Ryan)*, 411 B.R. 609, 613 (Bankr. N.D. Ill. 2009). "The goal of the sanction remedy provided under Bankruptcy Rule 9011 is to deter unnecessary filings, prevent the assertion of frivolous pleadings, and to require good faith filings." *In re McNichols,* 258 B.R. 892, 899 (Bankr. N.D. Ill. 2001) (citing *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077-80 (7th Cir. 1987), *cert. dismissed,* 485 U.S. 901 (1988)).

40.     "In determining whether Rule 9011(b)(1) has been violated, the critical question is *why* the allegedly offending paper was filed." *In re Letourneau,* 422 B.R. 132, 138 (Bankr. N.D. Ill. 2010). The critical question is answered upon consideration of whether "objectively ascertainable circumstances" support the inference that the purpose of the filing was improper. *Id.* (citing *Ryan,* 411 B.R. at 615 (quoting *Collins,* 250 B.R. at 662)).

41.     Additionally, this Court has statutory authority pursuant to 11 U.S.C. § 105(a) to discipline attorneys.  Section 105(a) confers both statutory and inherent authority upon bankruptcy courts to impose sanctions. *Liquidating Grantor's Trust of Proteva, Inc. v. Finova Capital Corp. (In re Proteva, Inc.),* 271 B.R. 569, 573 (Bankr. N.D. Ill. 2001).  Section 105 gives the Court "broad powers ... to implement the provisions of Title 11 and to prevent an abuse of the bankruptcy process." *In re Volpert,* 110 F.3d 494, 500 (7th Cir. 1997).

42.     Section 329 of the Bankruptcy Code also authorizes this Court to examine sums paid to a debtor's counsel in a bankruptcy case.  Section 329 provides that to the extent the amounts received exceed the reasonable value of the services rendered, the court can cancel any agreement between the debtor and counsel and order the return of any payment.

43.     Further, to the extent that Bal received more than the $665.00 disclosed in the Rule 2016 Disclosure, she should be sanctioned pursuant to 11 U.S.C. § 526.  Section 526(a)(2) of the Bankruptcy Code provides that an attorney shall not "make any statement, or counsel or advise any [debtor] to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such [attorney] to be untrue or misleading."

44.     Section 526 provides that when a debt relief agency fails to comply with the statute, the Bankruptcy Court may require a refund of fees and damages.  11 U.S.C. § 526(c)(2). Section 526(c) of the Bankruptcy Code provides that refunds, actual damages to the debtor, civil penalties, sanctions, attorneys' fees and costs, and injunctive relief shall be ordered if the attorney acted intentionally or negligently in failing to comply with §§ 526, 527, and 528; intentionally or negligently disregarded material requirements of title 11; intentionally violated §

526; or engaged in a clear and consistent pattern or practice of violating § 526. *In re Peckham*, No. 13-04690, 2013 WL 5984467, at *4 (Bankr. M.D. Fla. November 12, 2013). Section 526 does not displace other applicable legal authorities, and its remedies are in addition to those provided under state and federal law. *See* 11 U.S. C. § 526(c)(5) and (d). Based on the Retainer Agreement, Bal received not less than $1,000 from the Debtor in this case, and knew that the 2016 Disclosure was incorrect when she intentionally filed it with the Court.

45. Bal's Retainer Agreement renders it clear that this case was only filed in an effort to delay foreclosure proceedings and was filed for an improper purpose. The filing of the Petition was in bad faith as Bal had no intention of complying with the requirements of the Bankruptcy Code when the case was commenced and counseled her client to ignore the notice of the meeting of creditors.

46. Bal utilizes the bankruptcy process as a mechanism to delay foreclosure actions, and an opportunity to profit. She has gained financially while other parties in the bankruptcy process, including trustees, the U.S. Trustee, creditors and the entire judicial system have been forced to deal with her improper behavior. For example, (a) chapter 13 trustees and the U.S. Trustee have incurred expenses in preparing scores of motions to dismiss, including proposed orders and notices and serving and presenting such motions, (b) the Clerk's office has incurred expenses issuing deficiencies, and serving notices, (c) meetings of creditors were scheduled and rescheduled based on the failure of Bal's clients to attend (in this case, at the express advice of Bal), and (d) lenders have had to address delays caused by Bal in state court foreclosure actions. Essentially every party involved in the bankruptcy system has incurred time and expenses related

to Bal's actions, while she has enjoyed the benefit of getting paid for filing cases in which she has no intention of complying with the Bankruptcy Rules.

### B. Bal's Conduct Requires Monetary and Non-Monetary Sanctions.

47. In determining an appropriate sanction, this court may consider the nature of the misconduct, whether it was intentional or inadvertent, the degree of culpability, if it represents a pattern of activity in this or other litigation, its effect on the litigation, and the resources of the individual. *In re Witt,* 481 B.R. 468, 478-79 (Bankr. N.D. Ind. 2012) (citing Fed.R.Civ.P. Rule 11, Advisory Committee Notes, 1993 Amendments)). "Nonetheless, deterrence is the goal." *Id.*

48. Bal has engaged in a long pattern of intentionally filing bad faith bankruptcy cases as detailed herein and as reflected in her actions in representing the Debtor. Her behavior has caused extensive burdens on trustees, the U.S. Trustee, creditors and the entire judicial system. She has repeatedly filed cases with the sole purpose of frustrating lenders' efforts in pursuing their state court rights. Bal previously acknowledged in the *Ramirez* case that the case was filed without a proper purpose, yet she has continued to file cases in violation of Rule 9011. Bal has exhibited an intentional disregard for the bankruptcy process and her conduct merits substantial sanctions.

49. In light of the nature of Bal's violations of Rule 9011 and the circumstances under which they occurred, severe sanctions are appropriate in order to effectively deter her and others from engaging in similar conduct in the future. *BondPro Corp. v. Siemens Power Generation, Inc.* 466 F.3d 562, 563 (7th Cir. 2006); *Kapco Manufacturing Co., Inv. v. C & O Enterprises, Inc.,* 886 F.2d 1485, 1496 (7th Cir. 1989) ("A sanction without teeth may lack sufficient bite.")).

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an order that:

(A)    Suspends Lind Bal from practicing law in the Bankruptcy Court for the Northern District of Illinois;

(B)    Requires Linda Bal to disgorge all fees paid to her in connection with this case and pay those funds to the Debtor within 21 days;

(C)    Requires Linda Bal to reimburse the U.S. Trustee for his attorneys' fees and costs relating to this Motion;

(D)    Imposes monetary sanctions against Bal that is sufficient to deter repetition of her conduct, and

(E)    Grants such other and further relief as is fair and just under the circumstances.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: November 25, 2015         /S/    *Kimberly Bacher*
Kimberly Bacher, Attorney
Office of the U.S. Trustee
219 South Dearborn, Room 873
Chicago, Illinois  60604
(312) 353-5014